UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANICE ESTES,

      Plaintiff,

      v.                                    Case No. 04-C-0207

WISCONSIN ELECTRIC POWER
COMPANY and WISCONSIN GAS
COMPANY d/b/a WE ENERGIES,

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REOPEN JUDGMENT

On June 22, 2005, this court issued a decision and order granting the defendants' motion for summary judgment and dismissing this action. Judgment dismissing the action was entered on June 24, 2005. The plaintiff filed no response to the defendants' motion. As a result, and pursuant to Civil Local Rule 56.2(a), this court concluded that there was no genuine issue of material fact with respect to the defendants' proposed findings of fact. At the time the order was entered, the plaintiff, Janice Estes ("Ms. Estes" or "Estes"), was represented by counsel.[1]

Nearly one year later, on May 15, 2006, Estes filed a letter with the court (actually it was sent to the Honorable C.N. Clevert, Jr, to whom the case was originally assigned, before it was reassigned

---

[1] The court docket reflects that on September 8, 2004, (long before the defendants filed their motion for summary judgment on March 1, 2005), Attorney Thomas A. Fadner II entered an appearance on behalf of Ms. Estes. The court notes that, as of March 30, 2006, Attorney Thomas A. Fadner II's license to practice law in the State of Wisconsin was suspended for a period of nine months. *See In re Disciplinary Proceedings Against Thomas A. Fadner*, II, 2006 WI 18, 709 N.W.2d 868.

to this court based on the parties' consent to magistrate judge jurisdiction) in which she asserts, in part, the following:

> Back in February 2004 you were assigned to hear my case. When I received the "Consent to Proceed Before a Magistrate Judge" I had no idea what to do. I had recently dropped the attorney I was working with and was in the process of looking for a new attorney. I learned in February 2006 that my case had been dismissed on 6/24/05. I was devastated. I was aware of my court dates but since the new attorney that I retained said he would be moving the court dates back approximately two years I thought he would be notifying me of the change. After waiting five years to have my day in court all I have is a box of legal documents and $20,000 gone. The new attorney who was to represent me failed to do so and was later suspended. He told me nothing. It was not until December 2005 that I became suspicious that I had not heard from him in approximately a year and started writing him. I was informed of a new address through the postal system which told me he is likely practicing in another state.

(Ltr. at 1.) In light of the foregoing, Estes asks the court whether she can have her case reopened.

The picture that Estes paints is sad one. Indeed, it would appear that her legal counsel performed most unprofessionally, to say the least. However, construing her letter as a motion to reopen the judgment under Fed. R. Civ. P. 60(b), it is quite clear that she is not entitled to such relief.

Rule 60(b) provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The plaintiff's letter suggests that the only Rule 60(b) grounds upon which she is seeking relief are (1) and (6). And at its factual core, the ground upon which the plaintiff seeks relief is her lawyer's failure to respond to the defendants' motion for summary judgment.

That Estes' lawyer failed to respond to the defendants' motion for summary judgment is a verity. That her lawyer failed to do so is inexplicable. Indeed, his failure to do so may very well provide Estes with grounds to pursue a professional malpractice claim against him. Unfortunately for Estes, however, it does not provide her with a basis to set aside either this court's June 22, 2005 order or the June 24, 2005 judgment entered thereon.

In *Helm v. Resolution Trust Corp.*, 84 F.3d 874 (7th Cir. 1996), the Court of Appeals for the Seventh Circuit stated the following:

> We have held time and again that inexcusable attorney negligence does not constitute proper grounds for relief under Rule 60(b)(1). Today, we reaffirm our commitment to that common-sense principle. "Litigants whose lawyers fall asleep at critical moments may seek relief from the somnolent agents; inexcusable inattention to the case . . . does not justify putting the adversary to the continued expense and uncertainty of litigation."

*Id.* at 878 (citations omitted). In that same case the court went on to state that

> just because relief is unavailable under 60(b)(1) does not mean it is available under 60(b)(6). Relief under 60(b)(6) requires a showing of exceptional circumstances. This is a simple case of attorney negligence, and as we have held more than once, inexcusable attorney negligence is not an exceptional circumstance justifying relief under Rule 60(b)(6).

*Id.* at 879 (citations omitted); *see also Easley v. Kirmsee*, 382 F.3d 693 (7th Cir. 2004) (Plaintiff's attorney failed to file a response to defendants' motion for summary judgment and summary judgment was granted to the defendants; Rule 60(b)(1) motion to vacate judgment was denied.).

3

As was the case in *Helm*, the ground upon which Estes seeks relief from the judgment in the instant action is her attorney's failure to competently represent her, i.e., attorney negligence. For the reasons set forth above, attorney negligence is not a proper basis upon which relief under Rule 60(b) can be obtained. It therefore follows that Estes' motion must be denied.

**NOW THEREFORE IT IS ORDERED** that plaintiff Estes' request/motion to reopen judgment be and hereby is **DENIED**.

**SO ORDERED** this 21st day of June 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge